**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2276
_____

PAUL CALLENDER,
                            Appellant
v.

STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D. N. J. No. 1-16-cv-00364)
District Judge: Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2016
Before:  CHAGARES, KRAUSE and ROTH, <u>Circuit</u> <u>Judges</u>


(Filed: January 4, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Paul Callender appeals from an order of the United States District Court for the District of New Jersey dismissing his complaint for lack of subject-matter jurisdiction. We will affirm.

Callender initiated this action in 2016 seeking $300,000 in damages against the State of New Jersey arising from "wrongs committed at the trial level of a medical malpractice case [which] where [sic] not corrected by the Appellate Division," in alleged violation of his Fourteenth Amendment rights. After screening his complaint under 28 U.S.C. § 1915(e)(2), the District Court dismissed it for lack of subject-matter jurisdiction, finding, among other things, that New Jersey was immune from suit under the Eleventh Amendment.[1] This timely appeal ensued.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal for lack of subject-matter jurisdiction. See Gould Elec., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). The Eleventh Amendment "has been interpreted to make states generally immune from suit by private parties in federal court" unless Congress specifically abrogates the state's immunity or the state waives its own immunity. MCI Telecom. Corp. v. Bell Atl.-Pa., 271 F.3d 491, 503-04 (3d Cir. 2001). Section 1983 does not abrogate states' immunity, Quern v. Jordan, 440 U.S. 332, 340-41 (1979), and New Jersey has neither consented to suit nor waived its Eleventh Amendment

---

[1] The Supreme Court has observed that "the Eleventh Amendment is jurisdictional in the sense that it is a limitation on the federal court's judicial power, and therefore can be raised at any stage of the proceedings." Calderon v. Ashmus, 523 U.S. 740, 745 n.2 (1998).

immunity here.  Accordingly, we will affirm the order of the District Court.[2]

---

[2] The District Court did not err in failing to provide Callender an opportunity to amend his complaint because his suit essentially seeks review of a state court opinion and is thus barred by the <u>Rooker-Feldman</u> doctrine, as explained by the District Court.  <u>See</u> <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp</u>., 544 U.S. 280, 284-85 (2005) (<u>Rooker-Feldman</u> doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").